FILED
17 OCT 13 PM 3: 45
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____AD_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KIRBY GARDNER** | § | |
| | § | |
| V. | § | A-17-CA-220-SS |
| | § | |
| **LORIE DAVIS,** Director, | § | |
| **Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

## ORDER

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Docket Entry "DE" 1); Respondent's Answer (DE 11); Petitioner's reply (DE 18), supplemental reply (DE 21), memorandum of law (DE 22), addendum to memorandum (DE 23), and second memorandum of law (DE 24). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

### A.  Petitioner's Criminal History

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 185th Judicial District Court of Harris County, Texas, in cause number 831335. After a jury trial, Petitioner was found guilty of the state jail felony offense of possession of cocaine weighing less than 1 gram, enhanced by prior convictions for credit card abuse and robbery. On June 6, 2000, Petitioner was sentenced to 20 years in prison.

Petitioner does not challenge his holding conviction. Rather, Petitioner challenges the calculation of his sentence, his parole revocation, and his registration and status as a sex offender.

Respondent asserts on January 19, 2010, Petitioner was released on parole subject to certain conditions, including that he register as a sex offender and submit to electronic monitoring. A pre-revocation arrest warranted issued on August 6, 2015, and was executed on August 7, 2015. The Board of Pardons and Paroles ("BPP") revoked Petitioner's parole on September 30, 2015.

Petitioner challenged the calculation of his sentence in a time dispute resolution form ("TDR") on November 5, 2015. The TDCJ's Classification and Records Division responded on November 18, 2015, advising Petitioner he was denied street-time credit pursuant to Texas Government Code § 508.283(b) due to his prior robbery conviction.

On September 14, 2015, Petitioner filed an application for state writ of habeas corpus, challenging his registration as a sex offender and the revocation of his parole. *Ex parte Gardner*, No. 17,070-16 (DE 12-9). The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on March 30, 2016. *Id.* (DE 12-1). Petitioner filed a second state application on April 16, 2016, challenging his sex offender registration, the revocation of his parole, and the denial of street-time credit. *Ex parte Gardner*, No. 17,070-18 (DE 12-17). The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on January 11, 2017. *Id.* (DE 12-10)

**B.    Grounds for Relief**

Petitioner argues:

1. He was not permitted to present medical evidence at his parole revocation hearing in violation of due process;

2. He is entitled to street time credit under the "saving clause" of Texas Government Code Section 508.149(a);

3. His sentence has been unlawfully extended beyond the statutory range for a second-degree felony;

4. The BPP lacks jurisdiction to impose sex offender parole conditions on him; and

5. He is exempt from the duty to register as a sex offender under article 62.052 of the Texas Code of Criminal Procedure.

## C. Respondent's Representations

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows Petitioner has properly raised these claims in previous state court proceedings. Respondent does, however, assert Petitioner's fourth and fifth claims are time-barred and additionally argues these two claims are not cognizable in an application for habeas corpus relief.

## **DISCUSSION AND ANALYSIS**

### A. The Antiterrorism and Effective Death Penalty Act of 1996

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. *See Harrington v. Richter*, 562 U.S. 86, 97–100 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 562 U.S. at 98.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Following all of the Courts of Appeals' decisions on this question, *Harrington* concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.* And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 100 (citing 28 U.S.C.

4

§ 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

### 1. Parole Revocation (Claim 1)

In his first claim, Petitioner contends he was not permitted to present evidence at his parole revocation hearing, on September 10, 2015, in violation of due process. The BPP alleged Petitioner had violated the conditions of his parole by failing to wear his patrol bracelet and submit to electronic monitoring. Petitioner argued he only removed the monitoring device when "his leg

swelled-up to [the] point where he was suffering excruciating pain exasperated by the monitor. When his foot became numb petitioner feared the monitor was about to cause irreparable injury." Petitioner alleges at his revocation hearing he was not permitted to obtain a copy of or offer into evidence a "UTMB medical document" showing he "had been medically treated for swelling of his legs prior to his release" to parole. According to Petitioner, it took him from August 2015 to February 28, 2016, to obtain a copy of the document on his own. The document is a Correctional Managed Care Clinic Note that states on July 30, 2015, Petitioner was experiencing edema in his lower extremities. (DE 12-3 at 17).

In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Supreme Court fully discussed the rights that must be afforded a parolee in conjunction with parole revocation proceedings. The Supreme Court made the following introductory comments in listing the rights that must be afforded to the parolee:

> We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations[.] Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. Revocation deprives an individual, not of absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.

*Id.* at 480. The Supreme Court held a parolee is entitled to a preliminary and final revocation hearing and the revocation procedures must provide the following:

1. written notice of the alleged parole violations;

2. disclosure of the evidence against him;

3. an opportunity to be heard personally and to present evidence;

    4. the right to confront and cross-examine adverse witnesses, unless the hearing officer finds good cause for not allowing confrontation;

    5. a hearing before a neutral and detached body, and

    6. a written statement by the factfinders describing the evidence reviewed and the reasons for revoking parole.

*Id.* at 489. *See also Meza v. Livingston*, 607 F.3d 392, 404 (5th Cir. 2010); *Williams v. Johnson*, 171 F.3d 300, 304 (5th Cir. 1999).

The Supreme Court emphasized the final revocation hearing should not be equated to a criminal prosecution. *Morrissey*, 408 U.S. at 489. Moreover, the inquiry is narrow and should be flexible enough to consider evidence of letters, affidavits and other materials that would not be admissible in an adversarial criminal trial. *Id.* The right of confrontation and cross examination afforded a defendant at revocation hearings is qualified, and can be limited for good cause. *Id.*

Petitioner testified before the panel and offered two written statements into evidence. When Petitioner began cursing at parole officers during the hearing and was advised such language would not be tolerated, he stated he was done and was leaving. The hearing officer advised Petitioner, that by leaving, he would be giving up his right to be heard. Petitioner was escorted from the hearing booth by jail staff.

Petitioner's parole revocation hearing began on August 28, 2015. However, when Petitioner requested at the hearing that his medical documents be presented, his hearing was continued for two weeks. On September 10, 2015, Parole Officer Dekesha Lovelace testified she sent an email to Parole Officer Asante at the ISF requesting Petitioner' medical records but did not receive a response. Lovelace testified she then checked OIMS Imaging to search for Petitioner's ISF records and found an ISF/SAFP Medical Screening Form completed on May 27, 2015. According to the

7

form, Petitioner refused to be interviewed, and ISF staff completed it based on information in his file and TDCJ records. The form did not list fluid retention or swelling as concerns.

Petitioner raised his claim in his state applications for habeas corpus relief. The state trial court found Petitioner "fails to show that his supervised release was improperly revoked or that he was denied due process in the revocation proceeding" and "[i]n all things, the applicant fails to show that his due process rights have been violated or that he is improperly confined." (DE 12-9 at 88) and (DE 12-17 at 130). The Texas Court of Criminal Appeals denied Petitioner's applications without written order on the findings of the trial court without a hearing. (DE 12-1) and (DE 12-10).

Although Petitioner did not have the July 30, 2015 clinic note at the time of his hearing, he testified about the swelling in his feet. As noted by the hearing officer, Petitioner explained:

> [H]e removed his monitor because it was affecting his physical health. He was having issues with fluid retention which caused his ankles to swell. His feet were going numb, and he cut the monitor off himself. When asked why he did not go to the hospital for this issue, offender replied that it made no sense to go and sit at a hospital for 14-18 hours just to get the monitor taken off. Offender stated that he is not refusing the monitor; however, he will cut it off again if his ankles start to swell.

(DE 11-1 at 9).

Petitioner has failed to demonstrate the state court's disposition of this claim constituted a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d). Petitioner was provided all the process he was due.

## 2. Denial of Street Time (Claims 2 and 3)

Petitioner challenges the denial of street-time credit. Petitioner raised this claim in his state application for habeas corpus relief. The state habeas court issued detailed findings of fact and conclusions of law. Specifically, the court found Petitioner is not eligible for street-time credit because he has a prior robbery conviction, prohibiting such credit. (DE 12-17 at 128). The court concluded TDCJ properly penalized Petitioner by the forfeiture of all calendar time credits earned while on supervised release prior to the revocation of his parole, because Petitioner was not eligible for the credit. (DE 12-17 at 130).

The law in this Circuit firmly establishes that time spent on parole or mandatory supervision does not operate to reduce the sentence of a parole or mandatory supervision violator returned to prison. The courts have consistently held by violating parole or mandatory supervision a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole or mandatory supervision before the violation. *See Cortinas v. United States Parole Comm'n*, 938 F.2d 43 (5th Cir. 1991); *Munguia v. United States Parole Comm'n*, 871 F.2d 517, 521 (5th Cir.), *cert. denied*, 493 U.S. 856 (1989); *United States v. Newton*, 698 F.2d 770, 772 (5th Cir. 1983); *Starnes v. Cornett*, 464 F.2d 524 (5th Cir.), *cert. denied*, 409 U.S. 987 (1972); *Betts v. Beto*, 424 F.2d 1299 (1970).

Thus, Petitioner has no federal constitutional right to reduction of his sentence for time spent on parole or mandatory supervision. Additionally, the Court notes parole and mandatory supervision conditions are not additional to, but rather part of, the original sentence. *See Coronado v. United States Board of Parole*, 540 F.2d 216, 218 (5th Cir. 1976); *Sturgis v. United States*, 419 F.2d 390 (5th Cir. 1969). Petitioner violated the terms of his supervision, and as a result, lost any credit for

the time he spent on parole. He is not being forced to serve more than his 20-year sentence, his sentence has not been extended, and he has not been subjected to double jeopardy.

Petitioner is also not entitled to his street-time credit based on Texas law governing parole. The Texas parole statute in effect at the time the controlling offense was committed (December 15, 1999) provides in relevant part:

> If a parole panel revokes the person's parole, the panel may require the person to serve the remaining portion of the person's sentence in the institutional division. The remaining portion of the person's sentence is computed without credit for the time from the date of the person's release to the date of revocation.

TEX. GOV'T CODE ANN. § 508.156(e) (West 1998). Accordingly, Petitioner was never entitled to receive a reduction of his sentence for the time he spent on parole.

Finally, even under the Texas statute addressing street-time credit in effect in 2015, at the time of Petitioner's revocation, Petitioner is not entitled to credit. That statute reads in pertinent part:

> (c) If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount to time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN. § 508.283 (West 2014). Therefore, before an inmate can be entitled to restoration of street-time credit, he must not be serving a sentence for, and must not previously have been convicted of, a crime described in section 508.149(a) of the Texas Government Code.

The Texas Court of Criminal Appeals has held "[e]ligibility under § 508.283(c) for credit against sentence for time spent on early release is determined by the law in effect on the date the releasee's parole or mandatory supervision was revoked, including the version of § 508.149(a) in effect on the date of revocation," rather than on the date of the releasee's original offense. *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009); *see also Ex parte Johnson*, 273 S.W.3d 340, 342-43 (Tex. Crim. App. 2008) (whether a person, whose mandatory supervision is revoked, is entitled by statute to time credit, against the prison sentence upon revocation of mandatory supervision, for time spent on release pursuant to mandatory supervision, depends, in part, on his status on the date of revocation, i.e., whether at such time he is serving a sentence for or has been previously convicted of an offense which makes him ineligible for mandatory supervision).

Petitioner had previously been convicted of robbery, one of the offenses listed in section 508.149(a) of the Texas Government Code. *See* TEX. GOV'T CODE § 508.149(a)(11). Because at the time of his parole revocation, Petitioner was a person described in § 508.149(a), he was not entitled to street-time credit on his sentence for time spent on parole prior to revocation.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

### 3. Sex-Offender Registration and Classification (Claims 4 and 5)

Finally, Petitioner contends the State improperly required him to register as a sex offender as a condition of his release to parole on January 19, 2010. Specifically, Petitioner asserts the BPP did not have jurisdiction to impose such a condition and he is ineligible for registration under state law.

Respondent asserts Petitioner's claims are time-barred and additionally argues Petitioner's claims are not cognizable in an application for habeas corpus relief.

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner could have discovered the factual predicate of his claims when he was released on parole on January 19, 2010. Therefore, Petitioner had until January 19, 2011, to timely file his

habeas corpus application. Petitioner did not execute his application until March 2, 2017, more than six years after the expiration of the limitations period.[1]

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## CONCLUSION

Petitioner has failed to establish the state court's rejection of his first three claims on the merits during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state habeas corpus proceedings. Petitioner's application with respect

---

[1] The Court does not construes Petitioner's claims as brought under 42 U.S.C. § 1983. Even if Petitioner had raised these claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, his claims would be time-barred. Moreover, Petitioner already unsuccessfully pursued his sex offender registration claims through the civil rights process. *See Gardner v. City of Houston*, No. H-12-1612, 2013 WL 4042022 (S.D. Tex. Aug. 6, 2013).

to his last two claims is time-barred. As a result, Petitioner's federal habeas corpus application does not warrant federal habeas corpus relief.

It is therefore **ORDERED** that Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (DE 1) is **DENIED IN PART AND DISMISSED WITH PREJUDICE IN PART AS TIME-BARRED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, as Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by FED. R. APP. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

SIGNED this 12th day of October 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE